1  BERKES CRANE SANTANA & SPANGLER LLP
   Viiu Spangler (SBN190429)
2  *vspangler@bcsslaw.com*
   Taylor M. Matsumoto (SBN302932)
3  *tmatsumoto@bcsslaw.com*
   515 South Figueroa Street, Suite 1500
4  Los Angeles, California 90071
   Telephone:  (213) 955-1150
5  Facsimile:   (213) 955-1155

6  Attorneys for Intervenor Insurers on
   Behalf of Their Suspended Insured Plant
7  Products &
   Supply Co.

8

9

                    UNITED STATES DISTRICT COURT
10
                    NORTHERN DISTRICT OF CALIFORNIA
11

12

13 | MICHAEL R. MARCUS and        | 4:22-cv-09058-HSG
   | VICTORIA L. MARCUS,          |
14 |                              | [Alameda County Superior Court Case
   |       Plaintiffs,            | No.:22CV021840]
15 |                              |
   |       v.                     | District Judge: Hon. Haywood S. Gilliam
16 |                              |
   | AIR & LIQUID SYSTEMS         | **STIPULATION AND ORDER**
17 | CORPORATION, et.al.,         | **ALLOWING INTERVENOR INSURERS**
   |                              | **LEAVE TO FILE ANSWER IN**
18 |       Defendants.            | **INTERVENTION**

19
                                    Filed in State Court:  November 15, 2022
20                                  Removed to NDCA:       December 21, 2022
                                    Trial Date:            None
21

22

23 **TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD**

24 **HEREIN**:

25         Proposed Intervenor Insurers Granite State Insurance Company, Federal Insurance

26 Company, Northwestern Pacific Indemnity Company, Great American Insurance Company and

27 United States Fire Insurance Company ("Intervenors") on behalf of their suspended insured PLANT

28 PRODUCTS & SUPPLY CO. ("Plant Products") and Plaintiffs MICHAEL R. MARCUS and

                                                                    4:22-cv-09058-HSG

VICTORIA L. MARCUS ("Plaintiffs"), by and through their attorneys of record hereby stipulate as follows:

**WHEREAS** Plaintiffs filed their Personal Injury Complaint in Superior Court of Alameda on November 15, 2022.

**WHEREAS** Plant Products lacks the capacity to defend itself in this lawsuit because its corporate license has been suspended by the California Secretary of State.

**WHEREAS** Plant Products was a small family-owned corporation that ceased doing business in the decade of the 1980s. Plant Products, having been out of business for many years, is insolvent and there is, therefore, no money to reinstate the corporation.

**WHEREAS** Counsel for Plant Products became aware of its suspended corporate status and is now required to take steps to protect the interests of Plant Products and its insurers from the suspension which rendered Plant Products incapable of defending itself from multiple lawsuits filed against it alleging decades-old asbestos exposure.

**WHEREAS** Plant Products was insured for liability by the following insurers: Granite State Insurance Company, Federal Insurance Company, Northwestern Pacific Indemnity Company, Great American Insurance Company and United States Fire Insurance Company ("Insurers").

**WHEREAS** Insurers desire to intervene in order that Plant Products can defend itself from the claims, and to avoid defaults being taken in cases where Plant Products is currently or may in the future be made a party. Insurers will be irreparably harmed unless they are granted immediate leave to file a Complaint in Intervention on behalf of Plant Products.

**WHEREAS** Defendant Green, Tweed & Co., Inc. removed this case to federal court on December 21, 2022 before Intervenors could file their complaint in intervention.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and through the parties hereto, by their respective counsel, that Plaintiffs will not oppose Intervenors, pursuant to the terms of their respective insurance policies and solely in their capacities as insurers to Plant Products to file an Answer in Intervention pursuant to Federal Rule of Civil Procedure No. 24.

**IT IS FURTHER STIPULATED THAT** Plaintiffs will not oppose the Answer in Intervention to constitute Plant Products' response to Plaintiffs' Complaint.

**IT IS FURTHER STIPULATED THAT** during trial, Intervenors will be referred to by the named of their insured, PLANT PRODUCTS & SUPPLY CO.

**IT IS SO STIPULATED**.

DATED: April 4, 2023      BERKES CRANE SANTANA & SPANGLER LLP

By: _____
VIIU SPANGLER
TAYLOR M. MATSUMOTO
Attorneys for Intervenor Insurers on Behalf of Their Suspended Insured Plant Products & Supply Co.

DATED: April 4, 2023      MAUNE RAICHEL HARTLEY FRENCH & MUDD, LLC

By: _____
DAVID L. AMELL
RABIAH N. ORAL
Attorneys for Plaintiffs

## ORDER

**FOR GOOD CAUSE SHOWN** this Court **ORDERS** as follows:

(a) Intervenors, pursuant to the terms of their respective insurance policies and solely in their capacities as insurers to Plant Products shall have leave to file an Answer in Intervention pursuant to Federal Rule of Civil Procedure No. 24.

(b) The Answer in Intervention by Intervenors shall constitute the Answer of Plant Products to Plaintiffs' Complaint.

(c) Intervenors shall have leave of the Court to appear in this action under the name of their insured, PLANT PRODUCTS & SUPPLY CO.

**IT IS SO ORDERED.**

DATED: April 6, 2023

By: _/s/ Haywood S. Gilliam, Jr._
Hon. Haywood S. Gilliam, Jr.
United States District Judge