**MAUNE.RAICHLE.HARTLEY.FRENCH & MUDD, LLC**
David L. Amell, Esq. (State Bar No. 227207)
Rabiah N. Oral, Esq. (State Bar No. 319905)
1900 Powell Street, Suite 200
Emeryville, California 94608
Telephone:  (800) 358-5922
Facsimile:  (314) 241-4838
damell@mrhfmlaw.com
roral@mrhfmlaw.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL R. MARCUS and VICTORIA L. MARCUS,<br><br>      Plaintiffs,<br><br>      vs.<br><br>AIR AND LIQUID SYSTEMS CORPORATION, SUCCESSOR-BY-MERGER TO BUFFALO PUMPS, INC., et al.<br><br>      Defendants. | Case No.: 4:22-cv-09058-HSG<br><br>[Alameda County Superior Court Case No.: 22CV021840]<br><br>**STIPULATED ORDER REGARDING CHAIN OF CUSTODY AS TO PATHOLOGY MATERIAL AND USE OF MEDICAL DATA**<br>_____<br>Courtroom:    02, 4th Floor<br>District Judge: Hon. Haywood S Gilliam, Jr.<br><br>Filed in State Court: November 15, 2022<br>Removed to NDCA: December 21, 2022<br>Trial Date:         August 26, 2024. |

This stipulation does not prevent any party from disclosing in a filing or at trial the medical or genetic information of Plaintiff Michael R. Marcus as is appropriate to the prosecution or defense of any case. This stipulation does not prevent any expert or third-party researcher from using information in publicly filed court documents for any proper purpose. Court records, such as trial transcripts, are presumed to be public, however information disclosed in discovery is not a public component of trial. This stipulation explicitly protects the use of medical data disclosed in discovery, including expert discovery, that has not been later made

1

public by way of proper court filing or trial disclosure. Plaintiff's counsel has prepared the following stipulation and defense counsel has agreed to sign this stipulation to avoid the necessity, cost and expense of filing a motion to permit the analysis of Plaintiff's pathology material.

As such, IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff and Defendant [Flowserve US, Inc., solely as successor to Rockwell Manufacturing Company] (hereinafter "Signatory Defendant") by and through their counsel of record, that the following agreement shall be entered:

1.      Plaintiff agrees that Signatory Defendant's experts or consultants may perform a full diagnostic panel for mesothelioma and/or alternative diagnoses on Plaintiff's pathology materials. BAP1 stains, limited to tumor cells, and iron stains shall be permitted. Any and all genetic data resulting from such panels will be subject to the terms of this stipulation.

2.      Plaintiff does not hereby consent to the release of Plaintiff's medical materials to any consultant, expert, party or their insurance carrier, other than Signatory Defendant. Plaintiff does not waive his right to privacy vis a vis said material and any associated medical data as to any other party or entity who may somehow gain access to same.

3.      Signatory Defendant and their experts or consultants stipulate that none of the material or data retrieved by said consultant(s) will be shared with any party who has not stipulated to the terms herein, until or unless that consultant testifies as an expert in this matter.

4.      No destructive testing will be performed on any pathology slides and/or blocks without a further stipulation or Court Order. For purposes of this stipulation, destructive testing does not include preparing slides from paraffin blocks and/or staining previously unstained slides.

5.      All parties are responsible for ensuring that a chain of custody for pathology materials is maintained.

6.      If an expert performs any additional recuts, the new recut slides must be offered to opposing counsel or Plaintiff's Counsel.

STIPULATED ORDER REGARDING CHAIN OF CUSTODY AS TO PATHOLOGY MATERIAL AND USE OF MEDICAL DATA

7.      No alterations of any kind may be made to stained slides received from Plaintiff's Counsel without the written permission of Plaintiff's Counsel or Court Order.

8.      Any physical pathology materials obtained during the course of litigation, either pathology slides and blocks obtained by Plaintiff's Counsel and released to Defendants, or materials obtained by Defendants by independent subpoena, must be returned to Plaintiff's Counsel or the originating facility, respectively, no later than the conclusion of Plaintiff's case, which is triggered by the filings of a "Dismissal of the Entire Case". This applies to materials within the possession of Defendants, of Defendants' Counsel and of any expert or laboratory retained by same.

9.      Any expert or consultant retained by any party to this litigation (for Plaintiff or Defendants) who desires to use the information or data derived from genetic material, including test results, produced in connection with this litigation and ancillary medical records or information provided in litigation (hereafter "Litigation Material") for a secondary use - to wit, any use outside of this litigation including independent research and study - shall first attempt to obtain written informed consent from Plaintiff by and through Plaintiff's counsel (only).

10.     Any expert or consultant who has obtained written informed consent from Plaintiff via Plaintiff's counsel shall advise counsel for all parties in this action (both Plaintiff and Defense) that such consent has been provided.

11.     Absent informed consent being provided, any retained expert or consultant in this case who wishes to access, use, or publish Litigation Material shall first obtain approval, waiver or other finding allowing access, use or publication for the secondary use from the appropriate Institutional Review Board or other governing entity responsible for maintaining the Litigation Material and/or for protecting the privacy of the patient data or information contained in the Litigation Material, including but not limited to, the Plaintiff's treating facilities.

12.     All experts and consultants retained in this litigation shall provide a copy of this Stipulation to the IRB or other governing body or entity that shall be involved in any aspect of

STIPULATED ORDER REGARDING CHAIN OF CUSTODY AS TO PATHOLOGY MATERIAL AND USE OF MEDICAL DATA

determining whether to allow access to Litigation Material, use Litigation Material or publish Litigation Material, including editors of scientific journals and magazines.

13.     Any retained expert or consultant (Plaintiff or Defense) seeking approval or finding from an IRB or other governing entity shall provide a copy of the application or request to Plaintiff with the contact information for the specific IRB or other entity to whom the request for access to, use or publication of Litigation Material has been sought at the time said application or request is made.

14.     Any expert or consultant who has obtained approval, waiver or other finding from the appropriate Institutional Review Board or other governing entity as set forth above shall advise counsel for the parties in this action (both plaintiffs and defense) that such approval has been provided.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

4

STIPULATED ORDER REGARDING CHAIN OF CUSTODY AS TO PATHOLOGY MATERIAL AND USE OF MEDICAL DATA

15.     Experts or consultants retained in this litigation using Litigation Material for secondary purposes outside of this litigation shall report back to Plaintiffs the outcome of their request for access, use, or publication of Litigation Materials immediately upon receipt of such information.

IT IS SO STIPULATED.

DATED:  December 20 , 2023                Maune Raichle Hartley French & Mudd LLC

By: _____
    Rabiah N. Oral
    Attorney for Plaintiff

DATED:   December 5   , 2023               [DEFENSE COUNSEL]

By: _____
    Attorneys for Defendant [Flowserve US, Inc.,
    Solely as successor to
    Rockwell Manufacturing
    Company

IT IS SO ORDERED.

DATED: 12/21/2023

Hon. Haywood S. Gilliam Jr.
UNITED STATES DISTRICT COURT JUDGE

STIPULATED ORDER REGARDING CHAIN OF CUSTODY AS TO PATHOLOGY MATERIAL AND USE OF MEDICAL DATA