UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL R. MARCUS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>AIR & LIQUID SYSTEMS CORPORATION, et al.,<br><br>Defendants. | Case No. 22-cv-09058-HSG<br><br>**ORDER REGARDING PLAINTIFFS' EXPERT WITNESSES CAPTAIN FRANCIS BURGER AND DR. GERALD MARKOWITZ**<br><br>Re: Dkt. Nos. 274, 295, 354, 361, 427, 516 |

Before the Court are various motions relating to the reports and depositions of Plaintiffs' expert witnesses Captain Francis Burger and Dr. Gerald Markowitz. *See* Dkt. Nos. 274 (Foster Wheeler Energy Corporation's motion to exclude the testimony of Captain Burger due to untimely disclosure), 295 (Plaintiffs' ex parte motion to extend time for service of expert reports), 354 (Air & Liquid Systems Corporation's motion to strike Dr. Gerald Markowitz), 361 (Plant Product & Supply Company's motion to exclude Dr. Markowitz), 427 (Plaintiffs' motion for sanctions against Foster Wheeler's counsel), 518 (Foster Wheeler's ex parte application to strike Plaintiff's reply in support of its motion for sanctions). The Court will **DENY** Foster Wheeler's motion to exclude Captain Burger, **TERMINATE** the ex parte applications, **GRANT** Plaintiffs' motion for sanctions, **GRANT** Air & Liquid System Corporation's motion to exclude Dr. Gerald Markowitz, and **TERMINATE AS MOOT** Plant Product & Supply Co.'s motion for the same.

## I.  BACKGROUND

Before discussing the merits of the various motions, the Court will provide a summary of the circumstances surrounding these experts' reports and depositions.

### A.  Captain Francis Burger

On Friday, February 9, the deadline for disclosure of expert reports, Plaintiffs timely

served an "Amended Disclosure of Expert Witnesses Pursuant to Federal Rules of Civil Procedure 26(a)(2)."[1]  Dkt. No. 274-1, Ex. E.  However, Captain Burger's report was not among those disclosed.  In light of that omission, Foster Wheeler advised Plaintiffs on Monday, February 12 that it would move to exclude Captain Burger from testifying at trial, *id*, Ex. F, which it promptly did.[2]  *See* Dkt. No. 274.  Later that day, Plaintiff served a Second Amended Designation of Expert Witnesses on Defendants which included the expert reports of Dr. Allman (previously omitted due to late receipt) and Dr. Smith (previously omitted due to oversight), but still did not attach any report from Captain Burger due to "inadvertent neglect."  *See* Dkt. No. 295 at 3.  It was not until Friday, February 16 that Plaintiffs disclosed Captain Burger's report in a Third Amended Designation of Expert Witnesses.  *See* Dkt. No. 295-5, Ex. G.  His report was unsigned, undated, and did not list his prior testimony as required by Rule 26(a)(2)(B).  On March 6, Plaintiffs produced a signed and dated version in their Fourth Amended Disclosures.[3]

The disagreement over Captain Burger's report notwithstanding, his deposition was scheduled to proceed on March 8.  Four days before that date, Foster Wheeler served Plaintiffs with a letter withdrawing Defendants Eaton Corporation, BWDAC, Inc., and Foster Wheeler's acceptance of the deposition.  *See* Dkt. No. 427-4, Ex. B.  Since no other Defendants had accepted

---

[1] The Court notes that a few weeks prior, on January 19, 2024, Plaintiffs served Defendants with their "Disclosure of Expert Witnesses Pursuant to Federal Rules of Civil Procedure ("FRCP") 26(a)(2)," but the disclosure constituted a list of experts and the subjects of their anticipated testimony and did not, as required, include any expert reports.  *See* Dkt. No. 274-1, Ex. D.  On January 22, 2024, Defendants informed Plaintiffs that because the disclosures lacked the required reports, they failed to comply with Rule 26(a).  *Id*., Ex. B.  The parties conferred, and Plaintiffs' counsel clarified that the reports would be submitted by February 9, the deadline for expert witness disclosures under the Court's scheduling order.  *See* Dkt. No. 237.

[2] Foster Wheeler's motion was joined by Plaint Products & Supply Co. (Dkt. No. 277), Air & Liquid (Dkt. No. 278), Greene, Tweed & Co., Inc. (Dkt. No. 279), J.R. Clarkson Company LLC (Dkt. No. 280), Warren Pumps, LLC (Dkt. No. 281), BW/IP, Inc. (Dkt. No. 282), Clark Reliance Corporation & Spirax Sarco, Inc. (Dkt. No. 287), and Cleaver Brooks, Inc., Grinnell LLC, Hill Brothers Chemical Company, and ITT LLC (Dkt. No. 294).  Other Defendants stipulated to accept Plaintiff's late-served report.

[3] There appears to be some ambiguity about when, exactly, Captain Burger's list of former testimony was served.  Plaintiffs suggest that they shared that list on March 6, *see* Dkt. No. 516 at 3 n.1, but counsel for Foster Wheeler maintains that the version of Burger's report in the Fourth Amended Disclosures did not include one, *see* Dkt. No. 513 at 3.  That said, since Foster Wheeler does not argue that the list was outstanding at the time of the deposition, the Court will assume that it was exchanged at some point before March 20.  If, however, Plaintiffs have, for whatever reason, failed to serve a version of Captain Burger's report that contains a list of his former testimony as required by Rule 26(a)(2)(B), they must do so by June 12, 2024.

1 Captain Burger's deposition, it was removed from the calendar. Dkt. No. 427 at 3. However, the
2 deposition was rescheduled for March 20, 2024 after other defense counsel reached out "with an
3 interest in taking the deposition." *See* Dkt. No. 427-5, Ex C (acceptance of telephonic deposition
4 by Triple A Machine Shop, Inc.).

Leading up to this deposition, Foster Wheeler reached out to Plaintiffs' counsel multiple times requesting that Captain Burger's deposition not go forward until after the Court ruled on the then-pending motion to exclude him. *See* Dkt. Nos. 427-6, Ex. D (March 13 email from defense counsel requesting that the Burger deposition be postponed or canceled); 427-7, Ex. E (March 14 email chain); 427-8, Ex. F (March 18 email from defense counsel requesting in the subject line that Plaintiffs agree to postponement). Since Plaintiffs did not agree to voluntarily postpone it, on March 19, 2024, Foster Wheeler filed an ex parte application asking the Court to quash Captain Burger's March 20 deposition. Dkt. No. 338. The Court denied the motion the same day. Dkt. No. 340. The Court's ruling notwithstanding, counsel for Foster Wheeler suspended Captain Burger's deposition on March 20 just after it began, citing Rule 30(d)(3)(A). Dkt. No. 427-9 (deposition transcript). Counsel for thirteen other defendants were in attendance at the aborted deposition. *Id.* On April 15, Plaintiffs brought a motion for sanctions against Foster Wheeler on that basis. Dkt. No. 427. Foster Wheeler opposed on April 29, Dkt. No. 513, and Plaintiffs filed a reply ten days later on May 9, Dkt. No. 516. On May 10, Foster Wheeler filed an ex parte application requesting that the Court strike Plaintiff's untimely reply. Dkt. No. 518.

**B.    Dr. Gerald Markowitz**

In Plaintiffs' February 9 "Amended Disclosure of Expert Witnesses Pursuant to Federal Rules of Civil Procedure 26(a)(2)," they included materials from Mr. Markowitz, but these materials turned out not to constitute his report. Instead, Plaintiffs "mistakenly" included the Appendix to his report in lieu of the report itself. Dkt. No. 445 at 3. The error was not remedied in subsequent amended disclosures on February 16 and March 5. Dkt. No. 354-1 at 6; *see also* Dkt. No. 354-2, Ex. C. On March 14, certain of defense counsel served Plaintiffs' counsel with a letter outlining the deficiencies in Plaintiffs' disclosures of expert witnesses, including the omission of an expert report for Dr. Markowitz. Dkt. No. 361 at 4. Despite raising the issue days

3

before, it was only at Dr. Markowitz's March 20 deposition that Defendants found out that Dr. Markowitz *had* prepared a report, but that Plaintiffs inadvertently had not disclosed it.[4]  *See* Dkt. No. 354-2, Ex. D at 9:8-16.  On March 21, the day after the deposition, Plaintiffs' counsel served Dr. Markowitz's report on Defendants and offered to make him available for a further deposition.  Dkt. No. 445-6.  March 21, however, was the final day of expert discovery.  *See* Dkt. No. 237 (scheduling order).

On April 4, Air & Liquid Systems Corporation filed a motion to exclude Dr. Markowitz from trial, arguing both that the untimely disclosure barred his testimony and that he was not qualified to serve as an expert.  Dkt. No. 354.[5]  Plaintiffs opposed.  Dkt. No. 447.[6]  That same day, Plant Products & Supply Co. also filed a motion to exclude Dr. Markowitz from testifying at trial due to Plaintiffs' noncompliant disclosure of his expert report.  Dkt. No. 361.[7]  Plaintiffs opposed, Dkt. No. 445, and Defendants replied, Dkt. No. 498.

## II. DISCUSSION

### A. Motions as to Captain Burger

#### i. Motion to Exclude

Foster Wheeler argues that because Plaintiffs' failure to timely disclose Captain Burger's expert report by the February 9 deadline violated Federal Rule of Civil Procedure 26(a), the Court

---

[4] According to the transcript, defense counsel for J.R. Clarkson noted at the top of the deposition that "no report from this witness ha[d] been provided" such that the deposition "should not proceed." Dkt. No. 354-2, Ex. D at 9:8-16.  While Plaintiffs' counsel initially objected, asserting that "[d]ocuments have been provided," counsel appeared to realize in real time that they had failed to produce Mr. Markowitz's 2011 report.  (It also appears that Defendants were served with an outdated version of Dr. Markowitz's list of prior cases. *Id*. at 16:9-19.)

[5] Air & Liquid's motion was joined by Velan Valve Corporation (Dkt. No. 355), Warren Pumps, LLC (Dkt. No. 358), Foster Wheeler (Dkt. No. 365), Plant Products & Supply Co. (Dkt. No. 366), BW/IP, Inc. (Dkt. No. 368), Armstrong International (Dkt. No. 370), William Powell Company (Dkt. No. 371), Eaton Corporation (Dkt. No. 390), Electrolux Home Products, Clark Reliance Corporation, Spirax Sarco, Inc., Flowserve US Inc., and Rockwell Automation, Inc. (Dkt. No. 392), BWDAC, Inc. (Dkt. No. 393), The J.R. Clarkson Company LLC (Dkt. No. 405), Pneumo Abex LLC (Dkt. No. 406), and Cleaver Brooks Inc. and Hill Brothers Chemical Company (Dkt. No. 438).

[6] The Court, despite repeatedly ordering Defendants to identify any reply without success, has not located one.

[7] Plant Products' motion was joined by BW/IP, Inc. (Dkt. No. 372), J.R. Clarkson Company LLC (Dkt. No. 405), and Cleaver-Brooks, Inc., Grinnell LLC, Hill Brothers Chemical Company, and ITT LLC (Dkt. No. 422, 440 [amended]).

1  should exclude Captain Burger from testifying at trial pursuant to Rule 37(c). Rule 37(c)(1)
2  states:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

While it is true that "Rule 37(c)(1) gives teeth to [Rule 26(a)'s] requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed," *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001), Rule 37 does not mandate exclusion in every circumstance. Rather, it requires courts to consider whether the party facing exclusion of its expert's testimony can prove that the Rule 26(a) violation was "[(1)] substantially justified or [(2)] is harmless." Fed. R. Civ. P. 37(c)(1).

While Plaintiffs go through the motions as to the first prong, the undisputed facts leave little doubt that their tardy and noncompliant submission was not "substantially justified." Plaintiffs themselves pin the untimely disclosure on what they characterize as "excusable neglect" connected to miscommunications with Captain Burger about the materials necessary for his report and "the neglect and inexperience of Plaintiffs' counsel." Dkt. No. 296 at 3. They do not point to extenuating circumstances or factors truly outside of their control that prevented their compliance with Rule 26(a).

The second prong, however, is a different story. The Court is not persuaded that Plaintiffs' tardy and noncompliant disclosure has harmed Foster Wheeler or the Defendants that joined its motion (the "Moving Defendants"). Under *Lanard Toys Ltd. v. Novelty, Inc.*, courts assessing the harm of a Rule 26(a) violation may consider the following factors: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence. *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010).[8] On balance, these factors do not demonstrate harm to the Moving Defendants. For one,

---

[8] As an unpublished Ninth Circuit decision, *Lanard Toys* is not precedent, but may be considered for its persuasive value. *See* Fed. R. App. P. 32.1; CTA9 Rule 36-3.

the Moving Defendants were not meaningfully prejudiced by receiving Captain Burger's report five court days after the deadline, as this was weeks before his deposition was set to commence, over a month before the expert discovery cutoff, and approximately seven months before the trial date. While Foster Wheeler stresses that even once produced, the report was noncompliant, it does not explain how the report being unsigned or undated constituted prejudice or surprise. While the Court does not condone such sloppy practice and agrees that it reflects poorly on Plaintiffs' counsel, Foster Wheeler has not shown that all noncompliance – whether technical or substantive – is equally prejudicial, and the Court does not find it to be. By the time the parties sat for the deposition, Foster Wheeler had been served with a signed and dated report, and, as far as the Court can tell, a list of Captain Burger's former testimony. Foster Wheeler has not explained how this outcome threatened to disrupt trial or worked incurable harm against it. And while it ventures that the late disclosure was attributable to "attempted subterfuge or sharp discovery practices" by Plaintiffs' counsel, Dkt. No. 274 at 5, it cites no support for that claim, and the Court finds it uncompelling. While Plaintiffs' disclosures were plagued with problems, the defects appear rooted in inexperience and carelessness, not malicious maneuvering.

So while the Court accordingly does not find wholesale exclusion of the Burger report justified under Rule 37(a), the Court will not simply tolerate the discovery violations caused by Plaintiffs' neglect. Rather, it will impose on Plaintiffs' counsel one of the sanctions other than exclusion contemplated by Rule 37(c)(1) for their untimely and noncompliant submission of Captain Burger's report: the "payment of reasonable expenses, including attorney's fees, caused by the failure." Fed. R. Civ. P. 37(c)(1). By June 17, 2024, defense counsel for Moving Defendants must file a joint declaration (supported where appropriate with documentation) substantiating what reasonable expenses they incurred as a result of Plaintiffs' failure to timely disclose Captain Burger's expert report. The Court will then order Plaintiffs' counsel to pay all reasonable expenses that it finds adequately supported by Defendants' filing.

Foster Wheeler's motion is **DENIED**.[9]

---

[9] The Court finds that this ruling **TERMINATES AS MOOT** Plaintiffs' ex parte application to extend the time for serving export reports, Dkt. No. 295. While Plaintiffs' application asked the

### ii. Motion for Sanctions

Plaintiffs move for sanctions based on Foster Wheeler's counsel's suspension of Captain Burger's deposition. Dkt. No. 427. The Court will grant the motion, as it agrees with Plaintiffs that the conduct of Robert Bugatto, counsel for Foster Wheeler, appears to have been aimed at manufacturing prejudice from the late-served report.[10] The conduct at issue was not only deeply tactically flawed (counsel should have proceeded with the deposition and used it to make any needed record of the report's supposed deficiencies), but, far more importantly, directly flouted the Court's order. Just a day prior to the deposition, this Court *denied* Foster Wheeler's request to quash Captain Burger's deposition. Dkt. No. 340. While Mr. Bugatto suggests that "[t]he Court['s] order neither prescribed nor proscribed any specific conduct by Foster Wheeler" and therefore left the door open to the suspension, that argument is strained to the point of disingenuity. The Court's order was unambiguous: in denying Foster Wheeler's motion, the Court's expectation was necessarily for Captain Burger's deposition to proceed as planned on March 20. Dkt. No. 513 at 5. In other words, Foster Wheeler asked the Court to delay the deposition until after the motion to exclude was resolved, and the Court directly said no, but then Mr. Bugatto nonetheless terminated Plaintiffs' attempt to proceed with the scheduled deposition because doing so was purportedly in "bad faith," based on the exact ground the Court had just rejected. And Plaintiffs' counsel immediately pointed out at the deposition that Mr. Bugatto's conduct was contrary to the Court's order, to no avail. Dkt. No. 427-9 at 7-8.

When a court declines to grant a given remedy, it does not tacitly permit litigants to employ self-help measures to independently achieve that same result. And yet that is exactly what Mr. Bugatto did by himself quashing a proceeding that the Court had found could proceed. The notion that Mr. Bugatto viewed the suspension as warranted because Foster Wheeler "wanted to

---

Court to effectively deem the tardy reports timely so as to avoid their exclusion, the Court has denied Foster Wheeler's motion to exclude on the basis of untimely submission. As such, there is no reason to retroactively shift deadlines as urged.

[10] That said, the Court will not consider Plaintiffs' reply brief, which was filed three days after the May 6, 2024 deadline without any explanation for the filing's tardiness. This approach moots Foster Wheeler's ex parte application for an order striking the brief, so the Court will **TERMINATE** it, Dkt. No. 518.

7

1    insure [its] Motion to Exclude was ruled on without extraneous considerations" is stunning: it is
2    up the Court, not Foster Wheeler or its counsel, to make such determinations, and the Court's
3    order definitively rejected this perspective.  Dkt. No. 513 at 5-6.  Similarly, Mr. Bugatto's
4    accusation that "Plaintiffs . . . were trying to arrange for Burger's deposition with a peripheral
5    defendant (Triple A) so as to circumvent possible effects of their transgressions of Rule 26," *id.*, is
6    both telling and damning.  One of the black letter considerations when a party seeks exclusion
7    under Rule 37 is whether any prejudice resulted from the claimed Rule 26 violation, and if so
8    whether and how that prejudice could be cured.  But here, counsel openly admits to taking matters
9    into his own hands to prevent Plaintiffs' from even trying to make a record that they had mitigated
10   whatever claimed prejudice resulted from the five-days-late disclosure several weeks before the
11   deposition.  That is plainly improper, and there is no justification for Mr. Bugatto's refusal to
12   comply with the Court's order denying the request to delay the deposition.
13         Accordingly, the Court will **GRANT** Plaintiffs' motion for sanctions.  By June 17, 2024,
14   Plaintiffs' counsel must file a declaration supported by relevant documentation to substantiate
15   their claim for reasonable expenses incurred as a result of Foster Wheeler's counsel's suspension
16   of Captain Burger's deposition.[11]  The Court will then impose sanctions on Foster Wheeler in the
17   amount it finds reasonably supported by Plaintiffs' counsel's filing.
18         Further, given that Mr. Bugatto's unwarranted suspension deprived other Defendants of the
19   opportunity to depose Captain Burger, reopening expert discovery for the sole purpose of
20   permitting interested defendants to depose Captain Burger in a single session (maximum seven
21   hours in length) could theoretically be appropriate.  However, since the Moving Defendants never
22   themselves accepted Captain Burger's deposition, and the only Defendant that did (Triple A)
23   appears to have "resolved" with Plaintiffs, *see* Dkt. No. 513-13, it is not immediately obvious to
24   the Court that such a course is warranted.  Accordingly, the Court **ORDERS** the Moving

---

[11] The Court is aware that Plaintiffs' counsel's motion and supporting declarations provided an estimate of expenditures, but since the cited figures appear not to have all been final, the Court will order a final accounting.  Plaintiffs' counsel should be aware that since its Reply was tardy filed and thus will not be considered by the Court, counsel should not request fees for its preparation.

8

Defendants and the Plaintiffs to **SHOW CAUSE** by June 12, 2024 as to whether reopening discovery solely to permit the Moving Defendants the opportunity to depose Captain Burger is justified when they previously chose not to do so.

### B. Motion to Exclude Dr. Gerald Markowitz

Air & Liquid Systems Corporation moves to exclude Dr. Gerald Markowitz based on the deficiencies surrounding the disclosure of his expert report and his supposed lack of qualifications to serve as an expert in this case. Since the Court agrees that the circumstances surrounding the noncompliant disclosure warrant his exclusion under Rule 37(c), the Court does not reach the merits of Air & Liquid's *Daubert* argument.

The Court evaluates this motion using the same analytical framework it laid out above. As explained, Rule 37(c)(1) prohibits a witness from using information that was not properly disclosed under Rule 26(a) unless the failure was "substantially justified or harmless." As with the prior analysis, the failure to timely disclose Dr. Markowitz's expert report on February 9 was not substantially justified, and Plaintiffs do not argue otherwise. It was, concededly, a mistake. *See* Dkt. No. 447 at 6. And while a mistake borne of neglect is preferable to one caused by bad faith, the inadvertence of the botched disclosure neither excuses nor obviates the harm it caused here. For one, Plaintiffs had numerous opportunities to address their error. Since they made two amended disclosures after the February 9 deadline, they had more than one occasion to realize their omission themselves. But Defendants *also* pointed out the deficiencies, alerting them as late as March 14 – a month after the disclosure deadline – that Dr. Markowitz's report was missing. Plaintiffs "overlooked the assertions as to Dr. Markowitz" because they "sincerely believe[ed] that his report had already been provided." Dkt. No. 447 at 7. As a result of this serial neglect, Defendants sat down on March 20 – then nearly six weeks after the disclosure deadline – to depose Dr. Markowitz without any expert report in hand. Since the existence of his report only came to light mid-deposition, Defendants were not ultimately able to depose him with respect to the opinions in it, or even to prepare to do so. Nor could they follow up with another session: the day that Plaintiffs served the report and offered him for further deposition was the final day of

9

1 expert discovery.[12]

2 As a result, the Court finds that Defendants were prejudiced by the inexcusable delay in
3 disclosing Dr. Markowitz's expert report, and will **GRANT** Plaintiffs' motion to exclude Dr.
4 Markowitz's testimony at trial pursuant to Rule 37(c)(1).[13]

### III. CONCLUSION

The Court **DENIES** Foster Wheeler's motion to exclude Captain Burger, Dkt. No. 274, **TERMINATES AS MOOT** the parties' ex parte applications, Dkt. Nos. 295 and 518, **GRANTS** Plaintiffs' motion for sanctions, Dkt. No. 427, **GRANTS** Air & Liquid Systems Corporation's motion to exclude Dr. Gerald Markowitz, Dkt. No. 354, and **TERMINATES AS MOOT** Plant Product & Supply Co.'s motion for the same, Dkt. No. 361.

Consistent with this order, counsel for Plaintiffs and Moving Defendants are **DIRECTED** to file declarations and supporting documentation to substantiate their claims for reasonable expenses as described above by June 17, 2024. Plaintiffs and the Moving Defendants must file responses to the Court's **ORDER TO SHOW CAUSE** regarding reopening discovery to permit the deposition of Captain Burger by June 12, 2024. To the extent that Plaintiffs have failed to serve a version of Captain Burger's report that includes a list of his former testimony as required by Rule 26(a)(2)(B), they must also do so by June 12, 2024.

//
//
//
//
//

---

[12] Plaintiff also argue that defense counsel were minimally prejudiced by the late disclosure because some of them had reviewed the same report in other matters where Dr. Markowitz was also called as an expert. This argument is unpersuasive, as plaintiffs' disclosure obligations in no way rise or fall on defense counsels' possible familiarity with the material from other cases. Plaintiffs have an independent obligation to timely and compliantly disclose all relevant materials in *this* case, and the fact that they failed to do so and accordingly deprived Defendants of the ability to depose Dr. Markowitz before the expert discovery cutoff convinces the Court that exclusion is appropriate.

[13] This ruling **TERMINATES AS MOOT** Plant Products & Supply Co.'s later-filed motion to exclude Dr. Markowitz, Dkt. No. 361, which seeks the same remedy.

1   Finally, counsel for Plaintiffs and counsel for Foster Wheeler are **DIRECTED** to provide a
2   copy of this order to their respective clients, and must each file a one-sentence status report on the
3   docket by June 14, 2024 certifying that they have done so.

4   **IT IS SO ORDERED.**

5   Dated: 6/7/2024

HAYWOOD S. GILLIAM, JR.
United States District Judge