UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL R. MARCUS, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>AIR & LIQUID SYSTEMS CORPORATION, et al.,<br><br>　　　　　Defendants. | Case No. 22-cv-09058-HSG<br><br>**ORDER DECLINING TO REOPEN EXPERT DISCOVERY TO PERMIT THE DEPOSITION OF PLAINTIFFS' EXPERT CAPTAIN BURGER** |

In its June 7, 2024 order, the Court directed the parties to show cause as to whether reopening discovery to permit the deposition of Plaintiffs' expert Captain Burger was warranted in light of Foster Wheeler's counsel's improper termination of his March 20 deposition. *See* Dkt. No. 528. On the one hand, Foster Wheeler's conduct clearly deprived fellow Defendants of the opportunity to depose Captain Burger, which reopening discovery could restore. On the other hand, fellow Defendants obviously were not overly invested in Captain Burger's deposition (seeing as none except Triple A had accepted it), such that restoring the opportunity to depose him might be a cure to a non-problem.

On June 12, The J.R. Clarkson Company LLC ("Clarkson") filed a response to the Court's order. Dkt. No. 529. Clarkson explains that while it did not notice Captain Burger's deposition, it prepared for the deposition noticed by Triple A, and would have asked Captain Burger questions specific to Kunkle valves had it proceeded. Since it did not get the chance, Clarkson requests that the Court reopen discovery to permit a brief (20-30 minute) deposition of Captain Burger, and indicates that "[c]ounsel for ten or eleven other defendants have informed Clarkson's counsel that they may have questioning in the event Clarkson were to seek the deposition and the Court were to

permit it." *Id*. at 2.[1]  The same day, Plaintiffs also responded to the Court's order to show cause, arguing that discovery should not be reopened given that the Moving Defendants[2] did not demonstrate any diligence during the expert discovery period in securing Captain Burger's deposition.  *See* Dkt. No. 531.  Without this diligence, they argue, a modification of the scheduling order is unwarranted.

The Court has reviewed the parties' filings, and agrees with Plaintiffs that "[d]iscovery is and should remain closed."  Dkt. No. 531 at 2.  The Moving Defendants have not demonstrated that good cause exists to modify the scheduling order and reopen discovery.  *See* Fed. R. Civ. P. 16(b)(4) ("[a] schedule may be modified only for good cause and with the judge's consent.").  It is undisputed that the Moving Defendants failed to diligently pursue the deposition of Captain Burger by noticing it during the expert discovery period.  Moreover, their interest in doing so now – even knowing that Captain Burger's testimony will not be excluded from the trial – appears tepid at best: while certain of the Moving Defendants would welcome the opportunity to ask (or "may[be]" ask) him questions, none have shown good cause warranting the reopening of the long-closed discovery period at this stage.

Accordingly, the Court will not reopen discovery to facilitate this deposition.

**IT IS SO ORDERED.**

Dated: June 14, 2024

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[1] Foster Wheeler filed a separate (and untimely) notice informing the Court that "[i]t does not desire nor request to depose Captain Burger, although it may ask questions if it does."  Dkt. No. 532.

[2] The "Moving Defendants" include: Foster Wheeler Energy Corporation, Plant Products & Supply Co., Air & Liquid Systems, Green Tweed & Co., Inc., J.R. Clarkson Company, LLC, Warren Pumps, LLC, BW/IP, Inc., Clark Reliance Corporation & Spirax Sarco, Inc., Cleaver Brooks, Inc., Grinnell LLC, Hill Brothers Chemical Company, and ITT LLC.