UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL R. MARCUS, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>AIR & LIQUID SYSTEMS CORPORATION, et al.,<br><br>    Defendants. | Case No. 22-cv-09058-HSG<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO QUASH TRIAL SUBPOENAS TO THOMAS SCHROPPE AND MARTIN KRAFT**<br><br>Re: Dkt. Nos. 765, 772 |

Pending before the Court are two motions to quash trial subpoenas issued by Plaintiffs to former defense employees Thomas Schroppe (Foster Wheeler) and Martin Kraft (Air & Liquid Systems Corporation).  *See* Dkt. Nos. 765, 772.  The Court **GRANTS** the motions.

The witnesses Plaintiffs seek to subpoena live in South Carolina and New York.  In other words, they reside far outside the geographical limitation on subpoenas imposed by Federal Rule of Civil Procedure 45, which states that "a subpoena may command a person to attend a trial, hearing, or deposition only as follows: (A) <u>within 100 miles</u> of where the person resides, is employed, or regularly transacts business in person; or (B) <u>within the state</u> where the person resides, is employed, or regularly transacts business in person<u>, if the person [] is a party or a party's officer</u> . . . ."  Fed. R. Civ. P. 45(c).  The Northern District of California is plainly neither within 100 miles of *or* within the same state where Messrs. Schroppe or Kraft "reside[], [are] employed, or regularly transact[] business in person."  *Id*.  While Plaintiffs argue that Messrs. Schroppe and Kraft can nevertheless be compelled to testify in this district because they are party witnesses (which the Court need not decide at this time), the cases on which they rely for this proposition predate the 2013 amendments to Rule 45.  *See* Dkt. Nos. 801, 802.  According to Rule 45's Advisory Committee notes, the 2013 amendments were made in part to clarify that, contrary

to the interpretation in the *In re Vioxx Products Liability Litigation*[1] line of cases on which Plaintiffs rely, Rule 45 "does not authorize a subpoena for trial to require a party or party officer to travel more than 100 miles unless the party or party officer resides, is employed, or regularly transacts business in person in the state." Fed. R. Civ. P. 45 Advisory Committee Notes.

Since Plaintiffs seek to subpoena out-of-state witnesses who reside far outside the 100-mile reach of Rule 45 to testify at trial here, the Court **GRANTS** Defendants' motions to quash the subpoenas to Thomas Schroppe and Martin Kraft, Dkt. Nos. 765 and 772. Each subpoena is quashed.

**IT IS SO ORDERED.**

Dated: September 6, 2024

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[1] 438 F. Supp. 2d 664 (E.D. La. 2006).